UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FARID GHALEHTAK, et al.,<br><br>      Plaintiffs,<br><br>   v.<br><br>FAY SERVICING, LLC, et al.,<br><br>      Defendants. | Case No. 17-cv-05976-EMC<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION**<br><br>Docket No. 15 |

Plaintiffs request leave to file a motion for reconsideration of this Court's order denying their motion for a temporary restraining order. For the reasons below, the motion is **DENIED**.

A.   Legal Standard

Under Local Rule 7-9, a party must seek leave of court to file a motion for reconsideration. Local Civ. R. 7-9(a). To prevail, a party "must specifically show reasonable diligence in bringing the motion" *and* show that one of the following conditions is true:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
>
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Local Civ. R. 7-9(b). A motion for leave may not "repeat any oral or written argument made by the applying party of or in opposition to the interlocutory order which the party now seeks to have reconsidered." Local Civ. R. 7-9(c).

1  B.    Discussion

2       As a preliminary matter, Plaintiffs do not state whether Defendant Fay has already sold the house at the foreclosure sale scheduled for October 25, 2017.  If the sale proceeded and the house was sold, then Plaintiffs' request for a temporary restraining order may be moot.  Nevertheless, the Court proceeds to consider Plaintiffs' request for leave to file a motion for reconsideration on the assumption that the house has not already been sold.

       First, Plaintiffs argue that the Court has authority under the *Erie* doctrine to issue a temporary restraining order according to California procedural law.  Under the *Erie* doctrine, "federal courts sitting in diversity apply state substantive law and federal procedural law." *Feldman v. Allstate Ins. Co.*, 322 F.3d 660, 666 (9th Cir. 2003).  This argument is flawed because (i) jurisdiction here is premised on a federal question, not diversity, because there is not complete diversity between the parties, *see Chan Healthcare Grp., PS v. Liberty Mutual Fire Ins. Co.*, 844 F.3d 1133, 1137 (9th Cir. 2017) and Compl. at 3-4 (alleging Defendant Trustee Corps is a California corporation); (ii) Plaintiffs' claim under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692f(6), arises under federal substantive law, not state law; and (iii) the standard for a preliminary injunction/temporary restraining order is, in any case, procedural, and therefore the federal standard applies under Fed. R. Civ. P. 65.  *See Masters v. Avanir Pharmaceuticals, Inc.*, 996 F.Supp.2d 872, 878 n.3 (C.D. Cal. 2014).  This *Erie* doctrine argument does not satisfy the requirements of Local Rule 7-9.

       Second, Plaintiffs argue that their prior litigation, *Ghalehtak v. FBNB I, LLC*, Case No. 3:15-cv-05821-LB (N.D. Cal.), has no res judicata effect on this litigation because there was no privity between the defendants in both cases.  Plaintiffs incorrectly analyze res judicata under California law, but here federal rules would apply because their prior case was brought in federal court.  *See Sullivan v. First Affiliated Securities, Inc.*, 813 F.2d 1368, 1376 (9th Cir. 1987).  Moreover, Plaintiffs' argument that they never contracted with Defendants does not affect whether Defendants here are in privity with FNBN I, LLC for the reasons previously stated by the Court.  In any event, whether or not they are correct on the merits of the res judicata issue is immaterial because their temporary restraining order was denied on the independent grounds that the Fair

2

Debt Collection Practices Act, 15 U.S.C. § 1692f(6), does not provide an injunctive remedy, and they were unlikely to succeed on their claim under the California Homeowners Bill of Rights. Thus, Plaintiffs have not presented a material fact or law supporting reconsideration under Local Civil Rule 7-9.

Third, Plaintiffs claim that, after the Court's order, they became aware of a June 27, 2017 consent order issued by the Consumer Financial Protection Board against Defendant Fay to stop foreclosure proceedings in certain circumstances. Plaintiffs do not, however, show that they did not know of the order by the time of their motion and this Court's order—October 20 and 25, respectively—despite "the exercise of reasonable diligence." Local Civ. R. 7-9(a). Nevertheless, based on the excerpts of the consent order submitted by Plaintiffs, that order appears to cover only persons who have submitted complete loss mitigation applications to Defendant Fay under 12 C.F.R. § 1024.41. At the October 24, 2017 hearing, Plaintiffs acknowledged they had not filed a loss mitigation application. Thus, it appears that, even if Plaintiffs could show they exercised due diligence but nevertheless were unaware of the CFPB order at the time of this Court's order, that order does not apply to them.

For the reasons above, Plaintiffs have failed to meet their burden to show that grounds exist to merit granting leave to file a motion for reconsideration.

This order disposes of Docket No. 15.

**IT IS SO ORDERED**.

Dated: November 15, 2017

_____
EDWARD M. CHEN
United States District Judge