UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FARID GHALEHTAK, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>FAY SERVICING, LLC, et al.,<br><br>Defendants. | Case No. 17-cv-05976-EMC<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS**<br><br>Docket Nos. 27-28 |

Defendants Fay Servicing, LLC ("Fay") and MTC Financial Inc. dba Trustee Corps ("Trustee Corps") move to dismiss Plaintiffs' First Amended Complaint ("FAC"), which seeks an order restraining Defendants from pursuing foreclosure proceedings with respect to Plaintiffs' property and a declaratory judgment regarding the Defendants' legal rights to Plaintiffs' property. The matter came on for hearing on February 1, 2018. For the reasons stated at the hearing and below, Defendants' request is **GRANTED**.

## I. FACTUAL AND PROCEDURAL BACKGROUND

A. Complaint and Temporary Restraining Order

Plaintiffs bring causes of action under the federal Fair Debt Collection Practices Act ("FDCPA"), *see* 15 U.S.C. § 1692, *et seq.*, California's Homeowner Bill of Rights ("HBOR"), *see* Cal. Civ. Code § 2924, *et seq.*, California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.*, and under the common law for cancellation of a written instrument and negligent misrepresentation. The gravamen of these claims is that Defendants Fay and Trustee Corps lack clear title to Plaintiffs' residence and have not complied with various California procedural requirements, and, therefore, they lack the authority to foreclose on their home. The Court previously denied Plaintiffs' application for a temporary restraining order. *See* Docket No. 13.

B.	Mortgage History

Plaintiffs Farid Ghalehtak and Shirin Tabatabai executed a Note and Deed of Trust in favor of First National Bank of Arizona ("FNBA") as security for the loan on their residence on June 21, 2007. *See* FAC at 10; Ex. A (Deed of Trust). FNBA later merged with another bank. *Id.* Plaintiffs stopped making payments on their loan in 2009 but resumed when PennyMac Loan Services, LLC ("PLS") took over as the new loan servicer. Plaintiffs attempted but failed to reach a "suitable modification agreement" with PLS to adjust the terms of the loan. *Id.* at 10-11. They stopped making payments in March 2012 but claim they have since made several attempts "to find out who is entitled to payment on the alleged debt." *Id.* at 11.

On October 2, 2015, Mortgage Electronic Registration Systems, Inc. ("MERS"), as FNBA's nominee, assigned the Deed of Trust to FNBN I, LLC ("FNBN I"). *Id.* at 13; Ex. D (Assignment of Deed of Trust). On October 22, 2015, a Substitution of Trustee was executed and recorded; it purported to substitute the original trustee (Alliance Title) with Defendant Trustee Corps. *Id.* at 13; Ex. E (Substitution of Trustee).

On October 23, 2015, PLS executed and recorded a Notice of Default against the property. *Id.* at 14; Ex. F. The Notice attached a declaration under California Civil Code § 2923.55 stating that PLS had contacted Plaintiffs to explore their financial situation and other options that might avoid foreclosure, and that 30 days or more had passed since then. *Id.*

On August 14, 2017, Plaintiffs learned that Fay replaced PLS as the debt servicer. FAC at 11, Ex. B. On August 22, 2017, Plaintiffs received a Notice of Trustee's Sale stating that Trustee Corps (the new trustee) planned a non-judicial foreclosure sale on Sept. 22, 2017 and estimating the loan balance as $1,172,869.96. *Id.* at 15, Ex. G. The foreclosure sale has been postponed several times and had not taken place as of the hearing date.

On August 30, 2017, Plaintiffs learned that the debt was sold to MFRA trust 2014-2 (Wilmington Trust, National Association acting as trustee for said trust). *Id.* at 11; Ex. C (Notice of Sale of Ownership of Mortgage Loan). Defendant Fay remained the servicer of the loan. *Id.* Trustee Corps's status as trustee appears unchanged.

The changes in identity of the beneficiary, servicer, and trustee of the mortgage loan are

2

summarized below.

| Date | Beneficiary | Trustee | Servicer |
|---|---|---|---|
| June 21, 2007 | FNBA | Alliance Title | *Unknown* |
| October 2, 2015 | **FNBN I** | Alliance Title | PLS |
| October 22, 2015 | FNBN I | **Trustee Corps** | PLS |
| August 14, 2017 | FNBN I | Trustee Corps | **Fay** |
| August 30, 2017 | **MFRA trust 2014-2** | Trustee Corps | Fay |

C. <u>Plaintiffs' Prior Litigation Against FNBN I</u>

Plaintiffs previously filed an action seeking a rescission of their mortgage and alleging defective securitization of their loan under the Truth In Lending Act (TILA) and the FDCPA.[1] *Ghalehtak v. FNBN I, LLC*, No. 3:15-CV-05821-LB, 2016 WL 4088874 (N.D. Cal. Aug. 2, 2016). The sole defendant was FNBN I, the entity assigned the Deed of Trust in October 2015. Plaintiffs' FDCPA claim alleged that the assignment to FNBN I was invalid. Judge Beeler dismissed the claim, holding that Plaintiffs, as third-parties to the securitization, "[lacked] standing to enforce any agreements, including the investment trust's pooling and servicing agreement, related to such transactions." *Ghalehtak*, 2016 WL 4088874, at *5 (quotation omitted). Judge Beeler also held that FNBN I "[was] the loan's creditor" under the FDCPA. *Id*. Plaintiffs' appealed only the district court's dismissal of the separate TILA claim. The other claims were not appealed; therefore, Judge Beeler's judgment related thereto became final. The Ninth Circuit affirmed. *See Ghalehtak v. FNBN I, LLC*, 692 Fed. Appx. 931 (9th Cir. 2017).[2]

Defendants here argue that Judge Beeler's prior holding has res judicata effect on most of Plaintiffs' claims in the instant case, an issue analyzed below.

---

[1] Other claims in the previous litigation included: violation of 15 U.S.C. § 1641(g) (failure to give notice of new creditor); violation of 15 U.S.C. § 2605 ("RESPA"); a common law claim seeking to "Void and/or Cancel Ab Initio Deed of Trust and Promissory Note;" violation of California Civil Code §§ 2924.17, 2924(a)(6) ("HBOR"); Quasi Contract claim; and Quiet Title under TILA.

[2] Judge Beeler dismissed Plaintiffs' TILA claim for rescission based on the statute of limitations. Their TILA claim for failure to provide notice was dismissed for failure to plead detrimental reliance.

3

## II. LEGAL STANDARD

A. Rule 12(b)(6)

On a Rule 12(b)(6) motion to dismiss, a court must take all allegations of material fact as true and construe them in the light most favorable to the nonmoving party, although "conclusory allegations of law and unwarranted inferences are insufficient to avoid a Rule 12(b)(6) dismissal." *Cousins v. Lockyer,* 568 F.3d 1063, 1067 (9th Cir. 2009). While "a complaint need not contain detailed factual allegations . . . it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009); *see also Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 556, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than sheer possibility that a defendant acted unlawfully." *Id.*

B. Res Judicata

The preclusive effect of a federal-court judgment is determined by federal common law. *Taylor v. Sturgell*, 553 U.S. 880, 891 (2008). Under the doctrine of res judicata, also known as "claim preclusion," a final judgment on the merits forecloses successive litigation of the same claim, whether or not relitigation of the claim raises the same issues as the earlier suit. *Id.* at 892 (quotation and citation omitted). Moreover, res judicata bars relitigation not only of all grounds of recovery that were actually asserted, but also those that could have been asserted. *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077-78 (9th Cir. 2003).

Res judicata applies when there is: (1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between parties. *Ruiz v. Snohomish Co. Pub. Util. Dist. No.1*, 824 F.3d 1161, 1164 (9th Cir. 2016) (quotation and citation omitted).

C. Issue Preclusion

Unlike claim preclusion/res judicata, the doctrine of issue preclusion, or collateral estoppel, prevents relitigation of all "issues of fact or law that were actually litigated and necessarily decided" in a prior proceeding, regardless of the claim to which they relate. *Segal v. Am. Tel. &*

4

*Tel. Co.*, 606 F.2d 842, 845 (9th Cir. 1979) (quoting *Americana Fabrics, Inc. v. L & L Textiles, Inc.*, 754 F.2d 1524, 1529 (9th Cir. 1985)). A party invoking issue preclusion must show that:

> (1) the issue at stake is identical to an issue raised in the prior litigation; (2) the issue was actually litigated in the prior litigation; and (3) the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in the earlier action.

*Clark v. Bear Steams & Co.*, 966 F.2d 1318, 1321 (9th Cir. 1992). Because the issue needs to have been "actually litigated," issue preclusion may not obtain where the parties have not had a full and fair opportunity to litigate the merits of the issue. *See Allen v. McCurry*, 449 U.S. 90, 94-95 (1980).

## III. DISCUSSION

Plaintiffs bring only one federal cause of action under the FDCPA. The Court first analyzes the extent to which the FDCPA claim here is precluded by Judge Beeler's dismissal of Plaintiffs' prior FDCPA claim. The Court then considers Plaintiffs' state law causes of action.

A. <u>Plaintiffs' FDCPA Claim</u>

Plaintiffs bring a claim under the FDCPA, Section 1692f(6). It prohibits:

> [t]aking or threatening to take any nonjudicial action to effect dispossession or disablement of property if – (A) there is no present right to possession of the property claimed as collateral through an enforceable security interest; (B) there is no present intention to take possession of the property; or (C) the property is exempt by law from such dispossession or disablement.

15 U.S.C. § 1692f(6). Plaintiffs allege that Fay and Trustee Corps "have no present right to possession of [their] [p]roperty" due to an improper October 2015 Assignment of Deed of Trust from MERS to FNBN I that broke the chain of title to the loan, and a procedurally invalid Substitution of Trustee for Trustee Corps. FAC at 16-17:25-20. Defendants argue that this claim is precluded by res judicata because, in *Ghalehtak v. FNBN I*, Plaintiffs litigated a similar claim against the loan's creditor, FNBN I.

As discussed below, res judicata is applicable here because there is: (1) an identity of claims; (2) a final judgment on the merits from the previous lawsuit; and (3) privity between the previous defendant and the Defendants in this case. *Ruiz*, 824 F.3d at 1164.

5

1.  Identity of Claims

To determine whether there is an identity of claims, courts examine four factors:

> (1) whether the two suits arose out of the same transactional nucleus of facts; (2) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (3) whether the two suits involve infringement of the same right; and (4) whether substantially the same evidence is presented in the two actions.

*ProShipLine Inc. v. Aspe Infrastructures Ltd.*, 609 F.3d 960, 968 (9th Cir. 2010) (quotation and citation omitted). The "same transactional nucleus of facts" factor is most important. *Id.*; *Howard v. City of Coos Bay*, 871 F.3d 1032, 1039 (9th Cir. 2017). It rests on whether the two suits "are related to the same set of facts and whether they could conveniently be tried together." *ProShipLine Inc.*, 609 F.3d at 968. Importantly, the "identity of claims" element "does not mean that an imaginative attorney [or litigant] may avoid preclusion by attaching a different legal label to an issue that has, or could have, been litigated." *Tahoe-Sierra*, 322 F.3d at 1077-78. Thus, "[n]ewly articulated claims based on the same nucleus of facts may still be subject to a res judicata finding if the claims could have been brought in the earlier action." *Id.*

The factual allegations underlying Plaintiffs' earlier FDCPA claims against FNBN I appear to be identical to the factual allegations underlying their FDCPA claims against Fay and Trustee Corps here. Namely, in both cases, Plaintiffs' theory of the defendants' invalid title was premised on the invalidity of the October 2015 Assignment of Deed of Title to FNBN I and Substitution of Trustee from Alliance Title to Trustee Corps. Thus, the FDCPA claims are identical in both cases because both arise out of the "same transactional nucleus of facts." *ProShipLine*, 609 F.3d at 968.

2.  Final Judgment on the Merits

The prior case resulted in a final judgment on the merits on Plaintiffs' FDCPA claim, which Judge Beeler dismissed on the ground that Plaintiffs lacked standing to challenge the securitization of their loan and that FNBN I was exempt from liability as the loan's "creditor" rather than a "debt collector." *Ghalehtak*, 2016 WL 4088874, at *5. This holding constituted a resolution on the merits which became final when Judge Beeler entered judgment. *See id.*

However, Judge Beeler declined to exercise supplemental jurisdiction over Plaintiffs'

state-law claims; thus, she cannot be said to have decided those claims on the merits, so they are not barred by res judicata. *See Audette v. Int'l Longshoremen's and Warehousemen's Union*, 195 F.3d 1107, 1111 n.1 (9th Cir. 1999).

3. Privity

Finally, there is privity between FNBN I (the defendant in the prior suit and the prior beneficiary of the loan) and Defendants Fay (the current loan servicer) and Trustee Corps (the current loan trustee) because they all share a substantial commonality of interests related to enforcement of the security interest in question. *See Janeece Fields v. Bank of New York Mellon*, No. 17-CV-00272-JST, 2017 WL 1549464, at *3 (N.D. Cal. May 1, 2017) (holding that successor servicer and trustee had privity to lender who was party in previous suit); *Amedee v. Citimortgage, Inc.*, No. 15-CV-03356-HSG, 2016 WL 1070657, at *5 (N.D. Cal. Mar. 18, 2016) (holding that loan servicing agent had privity with beneficiary of the loan who appointed it); *Sepehry-Fard v. Select Portfolio Servicing, Inc.*, No. 14-CV-05142-LHK, 2015 WL 1063070, at *5 (N.D. Cal. Mar. 10, 2015).

For the reasons stated above, Plaintiffs' Section 1692f(6) claim is barred by res judicata. Therefore, the Section 1692f(6) claim is **DISMISSED** with prejudice. However, res judicata does not extend to the state-law claims that were dismissed on jurisdictional grounds. *See Audette*, 195 F.3d at 1111 n.1 (9th Cir. 1999). The Court next analyzes those claims.

B. State-Law Claims

Plaintiffs bring seven state-law causes of action under Cal. Civ. Code sections 2924.17, 2923.5,[3] 2924(a)(6), 2934a(a)(1)(A)(C), under the common law for cancellation of a written instrument, negligent misrepresentation, and under California's Unfair Competition Law. This Court has jurisdiction over Plaintiffs' state-law claims under 28 U.S.C. § 1367(a).

---

[3] Sections 2923.5 and 2923.55 of the HBOR were subject to automatic sunset provisions that took effect on January 1, 2018. Because the transactions at issue took place before the sunset date, the earlier version of the statutes is the operative one for Plaintiffs' claims. Thus, all references made herein to Sections 2923.5 or 2923.55 relate to the 2017 versions, not the post-January 1, 2018 versions.

7

### 1. Cal. Civ. Code § 2924.17

Section 2924.17 requires both that a notice of default "be accurate and complete and supported by competent and reliable evidence;" and also that, before recording or filing, the mortgage servicer must "ensure that it has reviewed competent and reliable evidence to substantiate the borrower's default and the right to foreclose." Cal. Civ. Code § 2924.17(a)-(b). A declaration to that effect must be filed with the notice "pursuant to [**either**] Section 2923.5 or, until January 1, 2018, . . . Section 2923.55." Cal. Civ. Code § 2324.17(a) (emphasis added).[4] However, a plaintiff seeking injunctive relief prior to foreclosure has limited relief available for alleged violations of Section 2924.17. *See Lucioni v. Bank of Am.*, 3 Cal.App.5th 150, 163 (2016) (holding that, pre-foreclosure, the California HBOR statute "do[es] not create a burden on the foreclosing party to prove anything in court, other than that the declaration required by section 2923.55, subdivision (c), was filed, and that necessary steps were taken before filing it").

Under *Lucioni*, the sole inquiry pre-foreclosure is whether the declaration required by Section 2923.55 or Section 2923.5 was filed; the veracity of the declaration cannot be challenged pre-foreclosure. It is undisputed that PLS filed a declaration under Section 2923.55 in conjunction with the Notice of Default stating that it had contacted Plaintiffs "to assess [their] financial situation and explore options for [them] to avoid foreclosure" and that "30 days had passed since the initial contact." *See* FAC, Ex. F. Moreover, Defendants have identified "the deed and its assignments that [they] rely upon to substantiate [their] right to foreclose." *Lucioni*, 3 Cal.App.5th at 163. Thus, Plaintiffs' claim fails under *Lucioni* for purposes of a pre-foreclosure injunction and is **DISMISSED** with prejudice so long as no foreclosure has occurred.[5]

---

[4] Section 2923.55 automatically sunset as of January 1, 2018, but was in effect at the time of the relevant acts here. When Section 2923.55 was it effect, it applied to entities with more than 175 foreclosures in a reporting period, while Section 2923.5 covered those entities that had fewer than 175. *See Major v. Wells Fargo Bank, N.A.*, No. 14–CV–998–LAB–RBB, 2014 WL 4103936, at *3 (S.D. Cal. Aug. 18, 2014). Further, Section 2923.55 required additional disclosures from a mortgage servicer to a borrower prior to filing the notice of default (i.e. options available to a servicemember borrower and the borrower's right to request certain documents), which Section 2923.5 did not. *See* Cal. Civ. Code § 2923.55(b)(1)(A-B).

[5] As the court explained in *Lucioni*, compliance with the declaration procedure "do[es] not immunize [the foreclosing actors] from a postforeclosure lawsuit [for damages]." *Id.* Thus,

8

## 2. Cal. Civ. Code § 2923.5

"Civil Code section 2923.5 requires, before a notice of default may be filed, that a lender contact the borrower in person or by phone to 'assess' the borrower's financial situation and 'explore' options to prevent foreclosure." *Lueras v. BAC Home Loan Servicing, LP*, 221 Cal.App.4th 49, 77 (2013) (quoting *Mabry v. Super. Ct.*, 185 Cal.App.4th 208, 231(2010)). "The only remedy for noncompliance with [Section 2923.5] is the postponement of the foreclosure sale." *Skov v. U.S. Bank Nat. Ass'n.*, 207 Cal.App.4th 690, 696 (2012).

Plaintiffs bring their claim under Section 2923.5, however, the declaration in question was filed under Section 2923.55. The Court therefore construes the claim under Section 2923.55. In either case, it is undisputed that PLS filed the requisite declaration. FAC, Ex. F. As explained above, under *Lucioni*, the declaration filed under Section 2923.55 is dispositive for purposes of a pre-foreclosure claim for injunctive relief. Plaintiffs' argument that Fay, the new loan servicer, has not itself assessed or explored alternatives to foreclosure is unavailing. Plaintiffs present no authority for the proposition that Fay was obligated to repeat the process undertaken by PLS when it filed the Notice of Default. Accordingly, this claim is **DISMISSED** with prejudice.

## 3. Cal. Civ. Code § 2924(a)(6)

A notice of default may only be recorded by "the holder of the beneficial interest under the mortgage or deed of trust, the original trustee or the substituted trustee under the deed of trust, or the designated agent of the holder of the beneficial interest." Cal. Civ. Code § 2924(a)(6). Plaintiffs allege that Fay is a debt collector that does not represent the creditor of the loan and therefore cannot initiate the foreclosure proceedings. FAC at 25.

Even if Plaintiffs' allegations were true, however, "[t]he Legislature [] did not provide for injunctive relief for a violation of section 2924(a)(6)." *Lucioni*, 3 Cal.App.5th at 158. Thus, they may not pursue a claim for injunctive relief.

Moreover, even if they could do so, their claim would be barred by issue preclusion. Their

---

although Plaintiffs cannot enjoin the foreclosure sale, if Defendants' theory of ownership is incorrect, Plaintiffs may nevertheless be able to pursue an action for money damages if the property is wrongfully foreclosed.

9

challenge to Fay's authority is based on the same factual theory litigated in their prior lawsuit, that assignment of their loan from MERS to FNBN I was invalid. As discussed below, relitigation is barred by the doctrine of issue preclusion. *Clark*, 966 F.2d at 1321 (issue preclusion applies when (1) identical issue (2) actually litigated (3) was necessary to prior judgment).

a. <u>Identical Issues</u>

To determine whether an issue is identical for purposes of issue preclusion, the Court considers the following factors:

> (1) [I]s there a substantial overlap between the evidence or argument to be advanced in the second proceeding and that advanced in the first? (2) [D]oes the new evidence or argument involve the application of the same rule of law as that involved in the prior proceeding? (3) [C]ould pretrial preparation and discovery related to the matter presented in the first action reasonably be expected to have embraced the matter sought to be presented in the second? (4) [H]ow closely related are the claims involved in the two proceedings?

*Resolution Trust Corp. v. Keating*, 186 F.3d 1110, 1116 (9th Cir. 1999). However, these factors are not applied mechanistically. See, e.g., *Syverson v. Int'l Bus. Machs. Corp.*, 472 F.3d 1072, 1080-81 (9th Cir. 2007) (mentioning only three of the four factors); *Cent. Delta Water Agency v. United States*, 306 F.3d 938, 953 (9th Cir. 2002) (evaluating whether the facts were identical without discussing the factors).

In their previous suit, Plaintiffs alleged that the transfer of title to FNBN I was defective, and therefore FNBN I had no right to pursue non-judicial foreclosure. Plaintiffs' attack on Defendants Fay and Trustee Corps's right to foreclose is premised on the same factual theory. The issue here is therefore identical.

b. <u>Actually Litigated</u>

Judge Beeler's determination that FNBN I possessed valid title followed actual litigation of the issue; Plaintiffs had an opportunity—which they exercised—to submit briefing, argument, and evidence on the motion resulting in the judgment. *See Janjua v. Neufeld*, No. 15-CV-05475-EMC, 2017 WL 2876116, at *10 (N.D. Cal. July 6, 2017) (actually litigated means that the issue

was "contested by the parties and submitted for determination by the court" (quotation omitted)).[6]

c. Determination Was Necessary and Critical to the Judgment

Judge Beeler held that Plaintiffs, as third parties, did not have standing to pursue judicial challenges to securitization of their loan. Because Plaintiffs could not cure this defect, Judge Beeler determined as a matter of law that FNBN I was the creditor on the mortgage. FNBN I's status as a creditor was central to Judge Beeler's holding. Hence, any challenge related to the assignment of the loan to FNBN I is barred by issue preclusion.

Thus, Plaintiffs' Section 2924(a)(6) claim is barred by issue preclusion and **DISMISSED** with prejudice.

4. Cal. Civ. Code § 2934a(a)(1)(A)(C)

Under Cal. Civ. Code § 2934a(a)(1)(A)(C), a substitution of trustee may be filed only by the true beneficiary who "hold[s] more than 50 percent of the record beneficial interest . . . ." Cal. Civ. Code § 2934a(a)(1)(A)(C). Plaintiffs allege that the Substitution of Trustee is "null and void because it was not executed by a party that held more than [fifty] percent interest in the note." FAC at 26. However, this claim is premised on the same theory that FNBN I did not have valid title to the loan, an issue adjudicated by Judge Beeler, so the issue is similarly barred by issue preclusion. Therefore, this claim is **DISMISSED** with prejudice.

5. Negligent Misrepresentation

Plaintiffs also bring a claim for negligent misrepresentation. To state a claim, a plaintiff must allege:

> (1) misrepresentation of a past or existing material fact, (2) without reasonable ground for believing it to be true, (3) with intent to induce another's reliance on the misrepresentation, (4) ignorance of the truth and justifiable reliance on the misrepresentation by the party to whom it was directed, and (5) resulting damage.

---

[6] Although dismissal for lack of standing does not operate as an adjudication on the merits, it may, however, establish issue preclusion on the standing issue in a future action in federal court. *Brereton v. Bountiful City Corp.*, 434 F.3d 1213 (10th Cir. 2006). In any event, Judge Beeler found that FNBN I was a valid loan's creditor. Where the judgment is based upon the merits litigated as alternative grounds, issue preclusion may apply. Restatement of Judgments, § 68, comment n. (1942). *See also In re Westgate-California Corp.*, 642 F.2d 1174, 1176-1177 (9th Cir. 1981) (issue preclusion applies to each of the independent alternative grounds upon which a prior decision was based).

11

*Fox v. Pollack*, 181 Cal.App.3d 954, 962 (1986). Because "negligent misrepresentation does not require knowledge of falsity," *Apollo Capital Fund, LLC v. Roth Capital Partners, LLC*, 158 Cal.App.4th 226, 243 (2007), a person who makes a false statement, while honestly believing that it is true, may still be held liable for negligent misrepresentation if there are no reasonable grounds for such belief. *UMG Recording, Inc. v. Glob. Eagle Entm't, Inc.*, 117 F. Supp. 3d 1092, 1111 (C.D. Cal. 2015). However, unlike fraud, negligent misrepresentation requires a positive assertion to show a misrepresentation of material fact; an omission or an implied assertion will not suffice. *Id.* (quoting *Cutler v. Rancher Energy Corp.*, Case No. SACV 13-00906-DOC (JPRx), 2014 WL 1153054, at *7 (C.D. Cal. Mar. 11, 2014)); *OCM Principal Opportunities Fund v. CIBC World Markets Corp.*, 157 Cal.App.4th 835, 854 (2007).

Plaintiffs' claim fails on two grounds: (1) Plaintiffs fail to meet the heightened pleading requirement under Fed. R. Civ. P. 9(b); and (2) Plaintiffs' claim is precluded to the extent it is premised on the notion that FNBN I lacked valid title to the loan.

Under Rule 9(b), a party alleging fraud or mistake is required to plead with particularity the circumstances constituting fraud or mistake. Fed. R. Civ P. 9(b). This requires pleading "the who, what, when, where, and how" of the misconduct charged. *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997). Although negligent misrepresentation does not inherently sound in fraud, it does so here because Plaintiffs allege a "unified fraudulent course of conduct" to support the claim. *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1105 (9th Cir. 2003) (holding that even when fraud is not a required element, a claim must be pleaded with particularity under Rule 9 if the alleged conduct arises from a unified fraudulent course of conduct). Here, Plaintiffs only broadly allege that Defendants "falsely represented themselves as a creditor [*sic*] of the alleged debt," "fraudulently concealed the fact that they are not entitled to enforce the alleged debt and . . . are falsely representing to Plaintiffs the true creditor of the alleged debt." FAC at 30: 1-5. These general allegations fail to identify the allegedly fraudulent conduct with specificity and therefore do not meet the pleading requirements under Rule 9(b).

However, even if Plaintiffs could overcome their Rule 9(b) burden, their claim would be barred by issue preclusion and leave to amend would therefore be futile. The sole basis for their

allegations appears to arise from FNBN I's purportedly invalid title to the loan. That theory is foreclosed by issue preclusion for the same reasons above. To the extent Plaintiffs' claim is based on this theory, it is also **DISMISSED** with prejudice.

6. Cancellation of Instrument

California Civil Code section 3412 allows for cancellation of a written instrument when there is "reasonable apprehension that if left outstanding [] may cause serious injury to a person against whom it is void or voidable." Cal. Civ. Code § 3412. "Plaintiff must prove facts, 'not mere conclusions, showing the apparent validity of the instrument designated, and point out the reason for asserting that it is actually invalid.'" *D'Oleire v. Select Portfolio Servicing, Inc.*, No. 3:16-CV-02520-GPC-NLS, 2016 WL 7188289, at *9 (S.D. Cal. Dec. 12, 2016) (quoting *Ephraim v. Metro. Trust Co. of Cal.*, 172 P.2d 501, 507 (Cal. 1946)).

Plaintiffs allege that Fay and Trustee Corps created, published and recorded "wrongful, illegal and false instruments" and therefore, request the cancellation of the original Deed of Trust. FAC at 28: 17-18. Because these allegations involve fraud, under Rule 9(b), Plaintiffs need to plead with particularity the circumstances constituting fraud. Fed. R. Civ. P. 9(b). Notwithstanding the fact that Plaintiffs fail to meet this heightened pleading requirement, this claim is barred by the statute of limitations. Plaintiffs executed the Deed of Trust on June 21, 2007, ten years ago, and Defendants were not a party to that transaction. FAC, Ex. A. Because a claim to cancel a written instrument has a statute of limitations of three to four years depending on whether fraudulent conduct or mistake is alleged, Plaintiffs are barred from pursuing this claim and it is **DISMISSED** with prejudice. *See Westfall v. Mortg. Elec. Registration Sys., Inc.*, No. 3:15-CV-01403-L-NLS, 2016 WL 1241520, at *4 (S.D. Cal. Mar. 30, 2016). Moreover, the claim is also barred by issue preclusion insofar as it is based on allegations of defective chain of title.

7. Unfair Competition Law (UCL)

The UCL prohibits acts that give rise to unfair competition. It includes "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200. "Unlawful" practices are "forbidden by law, be it civil or criminal, federal, state, or municipal, statutory, regulatory, or court-made." *Saunders v.*

13

*Super. Ct.*, 27 Cal.App.4th 832, 838-39 (1994). An "unfair" practice occurs "when that practice 'offends an established public policy or when the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers.'" *Moran v. Prime Healthcare Mgmt., Inc.*, 3 Cal.App.5th 1131, 1150 (2016) (quoting *Lueras*, 221 Cal.App.4th at 81). Last, the "fraud" prong under the UCL requires a showing that members of the public are likely to be deceived. *Daugherty v. Am. Honda Motor Co., Inc.*, 144 Cal.App.4th 824, 837 (2006). "A plaintiff alleging unfair business practices under these statutes must state with reasonable particularity the facts supporting the statutory elements of the violation." *Khoury v. Maly's of Cal., Inc.*, 14 Cal.App.4th 612, 619 (1993).

Plaintiffs allege that Fay and Trustee Corps, among other things, "fail[ed] to disclose the principal for which documents were being executed and recorded" and "[a]ct[ed] as beneficiaries and trustees without the legal authority to do so." FAC at 31: 19-21. In their opposition, Plaintiffs further allege that both Fay and Trustee Corps "falsely [represent] to Plaintiffs the true creditor," have no right to enforce the filed documents or conduct the non-judicial foreclosure, or to "[demand] and [accept] payments that are nonexistent . . . as beneficiaries and mortgage servicers without legal authority." *See* Docket No. 36 at 21-23; No. 39 at 17-19.

However, as with most of Plaintiffs' state-law claims, this claim is also premised on FNBN I's lack of valid title to the loan, and therefore barred by issue preclusion. This claim is also **DISMISSED** with prejudice.

## IV. CONCLUSION

For the reasons herein stated, Plaintiffs' FDCPA claim is dismissed with prejudice as barred by res judicata. Plaintiffs' claims under Section 2924.17 and Section 2923.5 are dismissed because pre-foreclosure injunctive relief is unavailable; this does not affect Plaintiffs' ability to bring a claim for post-foreclosure damages. Plaintiffs' claims under Sections 2924(a)(6), 2934a(a)(1)(A)(C), negligent misrepresentation, and California's Unfair Competition Law are dismissed with prejudice under the doctrine of issue preclusion. Plaintiffs' claim for cancellation of a written instrument is dismissed with prejudice because the statute of limitations has lapsed and issue preclusion insofar as Plaintiffs' claim is based on defective chain of title.

14

This order disposes of Docket Nos. 27 and 28.

The Clerk is instructed to enter judgment and close the file.

**IT IS SO ORDERED**.

Dated: March 23, 2018

_____
EDWARD M. CHEN
United States District Judge